UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULA COLLINS,

                              Plaintiff,

-v-

JOHN H. MERRILL, *ET AL.*,

                              Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/16

No. 16-cv-9375 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

      On December 5, 2016, Plaintiff, a registered voter who resides in Manhattan, filed suit *pro se* against the Secretaries of State of each of the fifty states; Michael Bennett, the Chair of the District of Columbia Board of Elections; the National Archivist, David Ferreiro; and the Director of the Office of the Federal Register, Oliver Potts. (Doc. No. 1.) The Complaint seeks declaratory and injunctive relief restraining Defendants from certifying the vote of the Electoral College "in any way that is inconsistent with the results of the nationwide popular vote as it was decided" in the presidential election that concluded on November 8, 2016. (*Id.* at 20.) Notwithstanding the fact that the Electoral College is established by Article II and the Twelfth Amendment to the United States Constitution, Plaintiff asserts that the Electoral College, as currently constructed, violates her rights under the Fifth and Fourteenth Amendments and Section 201(a) of the Civil Rights Act of 1964 because the Electoral College allegedly dilutes the impact of voters in large states such as New York relative to voters in smaller states. (*Id.* at 19.) Plaintiff also moves for a temporary restraining order and preliminary injunction barring Defendants from certifying the results of the 2016 Electoral College during the pendency of this suit.

Even construing Plaintiff's *pro se* submissions liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds from the face of the Complaint that it lacks subject matter jurisdiction to entertain this suit. "It is axiomatic" that the Court may sua sponte "raise the question of whether [it] has subject matter jurisdiction" at any stage of a litigation. *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch. Inc.*, 24 F.3d 427, 430 (2d Cir. 1994). A plaintiff must have Article III standing in order for the Court to have subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Warth v. Seldin*, 422 U.S. 490, 498 (1975) (describing Article III standing as "the threshold question in every federal case, determining the power of the court to entertain the suit").

In order to have Article III standing, a plaintiff must show that: "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). To allege a "concrete and particularized" injury, a plaintiff must show that she "personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *accord Lujan*, 504 U.S. at 561 n.1 ("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way."). Accordingly, an injury that plaintiff "suffers in some indefinite way in common with people generally" will not suffice. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006); *Lujan*, 504 U.S. at 573–74 ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the

Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy."); *see also, e.g., Karim v. AWB Ltd.*, 347 F. App'x 714, 715 (2d Cir. 2009) (injuries allegedly suffered by Iraqi citizen plaintiffs from conspiracy to siphon funds from United Nations Oil-for-Food Programme that "were not particular to plaintiffs, but were suffered generally by the population of Iraq" were insufficient for standing).

Here, Plaintiff alleges that she has standing based on the fact that her "personal rights" as a New York state voter "are at imminent risk of violation," since the Electors are scheduled to convene on December 19, 2016 to elect the next President of the United States. (Brief 9.) However, the Complaint is premised entirely on alleged injuries that Plaintiff shares with the general voting population – in other words, injuries that Plaintiff "suffers in some indefinite way in common with people generally." *Cuno*, 547 U.S. at 344. Courts have not hesitated to dismiss similar allegations for lack of subject matter jurisdiction. *See Crist v. Comm'n on Presidential Debates*, 262 F.3d 193, 195 (2d Cir. 2001) ("[A] voter fails to present an injury-in-fact when the alleged harm is abstract and widely shared or is only derivative of a harm experienced by a candidate."); *see also Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (plaintiff lacked standing to enjoin Electoral College from electing Barack Obama to the Presidency "because [plaintiff] has suffered no injury particularized to him"); *Jones v. Bush*, 122 F. Supp. 2d 713, 717 (N.D. Tex.) (plaintiff lacked standing to enjoin members of the Electoral College from voting for allegedly ineligible vice presidential candidate, since "plaintiffs conspicuously fail[ed] to demonstrate how they, as opposed to the general voting population, will feel its effects"), *aff'd*, 244 F.3d 134 (5th Cir. 2000); *see also Fischer v. Cruz*, No. 16-cv-1224 (JS) (ARL), 2016 WL 1383493, at *2 (E.D.N.Y. Apr. 7, 2016) (voter lacked standing to sue for alleged injuries

resulting from Senator Ted Cruz's presence on 2016 presidential primary ballot, notwithstanding Senator Cruz's alleged ineligibility to qualify for presidency, since "Plaintiff share[d] this alleged injury with every other voter in the State of New York"). Thus, the Court finds that Plaintiff has failed to satisfy the requirement of "concrete and particularized" injury, and therefore, the Court lacks subject matter jurisdiction over this suit.[1]

Accordingly, IT IS HEREBY ORDERED that Plaintiff's suit is DISMISSED without prejudice. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016) (instructing that "where a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice"). Furthermore, Plaintiff's motions for a temporary restraining order and preliminary injunction are DENIED as moot.

In the event that Plaintiff seeks to appeal this Order *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (instructing that *in forma pauperis* status should be denied for the purpose of an appeal where the appeal would "lack . . . an arguable basis in law or fact"). The Clerk is respectfully directed to mail a copy of this Order to Plaintiff and to close this case.

Dated:     December 7, 2016
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that even if it had subject matter jurisdiction to entertain this suit, Plaintiff would clearly fail to state a claim on which relief can be granted. "[T]he electoral college cannot be questioned constitutionally because it is established by the Constitution," and the Court is "not empowered to strike the document's text on the basis that it is offensive to itself or is in some way internally inconsistent." *New v. Ashcroft*, 293 F. Supp. 2d 256, 259 (E.D.N.Y. 2003); *accord New v. Pelosi*, No. 08-cv-9055 (AKH), 2008 WL 4755414, at *2 (S.D.N.Y. Oct. 29, 2008), *aff'd*, 374 F. App'x 158 (2d Cir. 2010).